# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KELVIN STEWART,

                Petitioner,

v.

GEORGIA BOARD OF PARDONS
AND PAROLE and
GEORGIA DEPARTMENT OF
CORRECTIONS,

                Respondents.

1:08-cv-2966-WSD-ECS

## OPINION AND ORDER

The matter is before the Court on the Final Report and Recommendation (the "R&R") [2] filed by Magistrate Judge Scofield on the Petitioner's Petition for Writ of Habeas Corpus [1].

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted). "It is critical that the objection be sufficiently specific and not a general objection to the report." Macort v. Prem, Inc., 208 Fed. App'x 781, 784 (11th Cir. 2006). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

On September 22, 2008, the Court received Petitioner's Petition for Writ of Habeas Corpus, docketed pursuant to 28 U.S.C. § 2241 [1]. Petitioner challenges his detention by the State of Georgia as unconstitutional in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Habeas Petition [1] at 4. See 28 U.S.C. § 2241(c)(3) (writs of habeas corpus for prisoners "in custody in violation of the Constitution or laws or treaties of the United States"). Petitioner alleges that while on parole he pleaded guilty to a charge of statutory rape under Georgia law and that the Georgia Board of Pardons and Parole revoked his parole and sentenced him to seven years in prison. On

March 14, 2008, Petitioner was arrested on charges of enticing a child, statutory rape, incest, sodomy, child molestation, and aggravated child molestation. He has been held in the Clayton County Jail since that date. The parole board revoked his parole on September 8, 2008 after Petitioner pleaded guilty to statutory rape.

On October 6, 2008, Magistrate Judge Scofield issued his R&R in this case. Judge Scofield recommended converting Petitioner's Section 2241 petition to a petition pursuant to 28 U.S.C. § 2254, and recommended that the converted Section 2254 petition be dismissed for failure to exhaust state remedies. 28 U.S.C. § 2254(b)(1). Petitioner did not file objections to the R&R, which were due on October 24, 2008.[1] The Court reviews the R&R for plain error.

Having conducted a careful and complete review of the record in this action and the recommendations of the R&R, including the governing law cited therein, the Court finds no plain error in Magistrate Judge Scofield's recommendations. The Court, however, makes the following clarifications.

---

[1] The Court's Local Rules require opposition briefs to motions to be filed within ten (10) business days of the motion, and the Court typically affords litigants an extra three (3) days to accommodate service by mail. See LR 7.1B, NDGa; Fed. R. Civ. P. 6(d). A party is specifically required to file objections to a R&R within ten days of being served with the R&R. 28 U.S.C. § 636(b)(1). Failure to comply with the Court's time limits indicates that the motion is unopposed. LR 7.1B.

Settled Eleventh Circuit precedent requires a petitioner challenging the decision of a parole board to file a habeas petition pursuant to Section 2254. Dill v. Holt, 371 F.3d 1301, 1302-03 (11th Cir. 2004). Section 2254 requires exhaustion of state remedies before the petition is filed. Petitioner admits he has not exhausted his state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Under Georgia law, a petitioner has only one avenue to challenge the parole board's decision – by a petition for a writ of mandamus against the parole board. That is, a traditional state habeas corpus petition is not available when the decision placing the petitioner in custody of the state is made by the parole board. Johnson v. Griffin, 522 S.E.2d 657, 658 (Ga. 1999); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) ("Without an administrative appellate procedure for Board decisions, the appropriate method by which a prisoner can attack a Board decision is to file a petition for a writ of mandamus against the Board.").

The Court agrees with Magistrate Judge Scofield that it is appropriate to recharacterize the petition as a Section 2254 action. Castro v. United States, 540 U.S. 375, 383 (2003); Cook v. New York State Division of Parole, 321 F.3d 274, 281 (2d Cir. 2003). The Court is cognizant, however, that recharacterizing this petition as a 2254 petition carries with it the possibility of an "extraordinarily

harmful" consequence to Petitioner – that if Petitioner files another action after exhausting his Georgia remedies, the new petition could be barred as a "second or successive" Section 2254 petition. 28 U.S.C. § 2244(b)(1); Cook, 321 F.3d at 281. In such a circumstance, courts typically afford pro se litigants the opportunity to withdraw their action, prior to recharacterization, to avoid its potentially preclusive affects. Cook, 321 F.3d at 281. The Court determines in this case not to require withdrawal by the Petitioner. The Court converts the petition to a Section 2254 action for the purposes of dismissal only, and the dismissal is without prejudice. If Petitioner files another habeas action after exhausting his state remedies, that new action specifically will not be considered a "second or successive" Section 2254 petition.[2]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Scofield's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS HEREBY FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

---

[2] The Court notes that the one-year statute of limitations for Section 2254 petitions would continue to apply to another habeas action filed by the Petitioner. 28 U.S.C. 2244(d); Cook, 321 F.3d at 281.

**SO ORDERED** this 31st day of October 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE